CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2007

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN RAYNARD JONES | ) |
| | ) Civil Action No.: 7:06cv00646 |
| Appellant, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| NC DEPT. OF CHILD SUPPORT | ) |
| ENFORCEMENT THROUGH VA | ) By: Samuel G. Wilson |
| DIVISION OF CHILD SUPPORT | ) United States District Judge |
| ENFORCEMENT, | ) |
| | ) |
| Appellee. | ) |

This is an appeal by pro se appellant, Melvin Raynard Jones, from the dismissal of his complaint in an adversary proceeding against the North Carolina Department of Child Support Enforcement (" NCDCSE") in which he sought to have the Bankruptcy Court "invalidate" his child support arrearage. Although his pleadings in the Bankruptcy Court were less than a model of clarity, liberally construed, Jones claimed that North Carolina courts had improperly determined his arrearage and that he had been denied due process in connection with that determination. The Bankruptcy Court held that res judicata barred the challenge. Jones appealed pursuant to 28 U.S.C. § 158. The court, sua sponte, vacates the Bankruptcy Court's decision because it was contextually an advisory opinion, or alternatively unripe, and dismisses Jones' appeal.

I.

Jones filed a Chapter 7 Petition on July 14, 2005. He listed NCDCSE as a creditor. On October 11, 2005, he filed a complaint he styled "Motion to Determine Validity of Debt." Jones alleged that North Carolina had not maintained an accurate record of his payment history and had

improperly calculated his arrearage to be $36,747.96, noted that Virginia's Department of Social Services, Division of Child Support Enforcement ("VDCSE") had endeavored to register the North Carolina support order, and requested the Bankruptcy Court to declare the alleged arrearage to be "fraudulent" and to enjoin future collection efforts. NCDCSE moved to dismiss Jones' complaint, arguing that the court should abstain and alternatively that the Rooker-Feldman doctrine and res judicata precluded the challenge. Jones reiterated his claim that the North Carolina courts had not accurately recorded his payment history, and he also claimed that he had not been given notice and an opportunity to be heard in the North Carolina proceedings. (Hearing Tr., 2/14/06 at 11).

On May 12, 2006, the Bankruptcy Court discharged Jones from all debts except "debts which are nondischargeable pursuant to section 523 (a) (1), (3), (5) [*domestic support obligations*], (7), (8) and (9) of the Bankruptcy Code." The order of discharge further provides that it does "not affect any pending complaints to have a Debt declared nondischargeable pursuant to Section 523 (a) (2), (4), (6) and (15) of the Bankruptcy Code, nor does it prohibit filing of a complaint Under Section 523(a)(1), (3), (5) [*domestic support obligations*], (7), (8) and (9) of the Bankruptcy Code."

In the adversary proceeding, the Bankruptcy Court heard no testimony on the question raised in Jones' complaint concerning the validity of Jones' support obligation, although the court received exhibits from the parties. Noting that "the North Carolina judgment was duly registered in Virginia" and applying Virginia's general principles of res judicata, the court dismissed Jones' complaint on July 31, 2006. The court denied Jones' request for rehearing, and this appeal followed.

2

## II.

Most of Jones' arguments here are as hard to decipher as his pleadings were in the Bankruptcy Court. In the light most favorable, however, it is decipherable that Jones believes that the Bankruptcy Court had insufficient evidence to decide whether he had received adequate notice and an opportunity to be heard in the North Carolina proceedings that led to the North Carolina judgment or that the judgment was duly registered in Virginia. It is debatable whether that is true. However, it appears to this court that Jones' "Motion to Determine Validity of Debt" that commenced the adversary proceeding was not an appropriate or adequate vehicle to resolve what is essentially the overarching issue that should have been before the Bankruptcy Court for resolution – whether the debt is dischargeable.

A debtor's bankruptcy discharges his personal liability for all debts that preceded his Chapter 7 petition – valid or invalid – unless they are nondischargeable. It follows that a complaint in an adversary proceeding "to determine the validity of a debt" that is not prosecuted as a complaint or proceeding to determine the dischargeability of the disputed debt is little more than a request for an advisory opinion concerning a single issue in an overarching multiple issue controversy that is not properly before the court. In this case that overarching multiple issue controversy is whether that debt is a nondischargeable support obligation under 11 U.S.C. § 523(a)(5). Federal courts, including bankruptcy courts, do not render advisory opinions or decide issues that are not ripe. See, e.g., Orix Credit Alliance, Inc. v. Wolf, 212 F.3d 891 (5th Cir. 2000). Nor is federal appellate review available when it causes "piecemeal appellate disposition of what is, in practical consequence, but a single controversy." See Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 170 (1974). Here, whatever the outcome of this appeal, Jones remains

3

free, "at any time . . . without payment of an additional filing fee" to file a complaint in the Bankruptcy Court to determine the dischargeability of his debt. See Fed. R. Bankr. P. 4007(b). Because that determination would subsume the issue decided by the Bankruptcy Court, a decision on the merits in the appeal before this court would essentially be a "piecemeal appellate disposition of what is, in practical consequence, but a single controversy." Eisen, 417 U.S. at 170. Consequently, the court will vacate the judgment of the Bankruptcy Court and dismiss Jones' appeal. This leaves Jones free to file an adversary proceeding in the Bankruptcy Court to determine the dischargeability of his debt. If he follows that course of action, the Bankruptcy Court will have before it all aspects of what is essentially a single controversy.

### III.

For the foregoing reasons, the court vacates the judgment of the Bankruptcy Court and dismisses Jones' appeal.

**ENTER**: This January 29, 2007.

_____
UNITED STATES DISTRICT JUDGE

4