CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 21 2007

JOHN F. CORCORAN, CLERK
BY J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN RAYNARD JONES | ) |
| Appellant, | ) Civil Action No. 7:06CV00646 |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| NC DEPT. OF CHILD SUPPORT ENFORCEMENT THROUGH VA DIVISION OF CHILD SUPPORT ENFORCEMENT, | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Appellee. | ) |

This is an appeal by pro se appellant, Melvin Raynard Jones, from the dismissal of his complaint in an adversary proceeding against the North Carolina Department of Child Support Enforcement ("NCDCSE") in which he sought to have the Bankruptcy Court "invalidate" his child support arrearage. Although his pleadings in Bankruptcy Court were less than a model of clarity, liberally construed, Jones claimed that North Carolina courts had improperly determined his arrearage and that he had been denied due process in connection with that determination. The Bankruptcy Court held that res judicata barred the challenge. Jones appealed pursuant to 28 U.S.C. § 158.

Determining that oral argument would not aid the decisional process, the court, sua sponte, vacated the Bankruptcy Court's decision because it was contextually an advisory opinion, or alternatively unripe, and dismissed Jones' appeal. This, however, did not prejudice Jones. To the contrary, it left Jones free, without payment of an additional filing fee, to file an adversary proceeding in the Bankruptcy Court to determine the dischargeability of his debt, and prevented the Bankruptcy Court's decision from having preclusive effect. As the court noted, if Jones filed

the requisite adversary proceeding, the Bankruptcy Court would have before it all aspects of what is essentially a single controversy. Jones requested a hearing, however, which the court treated as a motion to reconsider, and the court heard Jones' argument that this court, in effect, should have discharged him from all further child support liability because the North Carolina Department of Child Support Enforcement filed its brief one day late. At that hearing the court explained that the remedy Jones sought was harsh and improper under the circumstances and that the court would not impose it. Indeed, as the court explained, Jones had failed to comply with the local rules of bankruptcy procedure, but the court did not dismiss his appeal on that ground. Jones has moved for reconsideration and continues to argue that the court should sanction the Department as he requested, and he adds his opinion that the court is biased.[1]

The court will not belabor this matter further, it articulated its decision and reasoning in a written memorandum opinion and explained the procedures he must follow. For the reasons stated in open court, the court has also rejected Jones' argument that it should have sanctioned the Department for filing its brief one day late.

Accordingly, it is **ORDERED** and **ADJUDGED** that Jones' "Motion to Rehear" is **DENIED**.

**ENTER**: This February 20, 2007.

UNITED STATES DISTRICT JUDGE

---

[1] Jones claims that he did not "get a chance to look at the . . . Memorandum Opinion" before the hearing on January 30, 2007. The court finds the assertion puzzling, considering the fact that Jones contacted the court's staff seeking clarification after the court issued the opinion.